**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **NIDHI JAYANTILAL PANSURIYA** | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:26-cv-01170-JCB-KNM** |
| | § | |
| **MARKWAYNE MULLIN, ET AL.** | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Emergency Motion for Preliminary Injunction and Mandamus Relief (ECF 4). Having considered the motion, the Court recommends that the motion for preliminary injunction be **DENIED**.

**BACKGROUND**

Plaintiff initiated this action seeking relief pursuant to the APA, 5 U.S.C. § 706(1). ECF 1. The present motion seeks a preliminary injunction awarding the same relief requested in the petition—to compel Defendants to adjudicate her pending applications to extend/change nonimmigrant status (Form I-539) and for employment authorization (Form I-765). ECF 4-1 at 4. Plaintiff explains that she is a citizen of India lawfully present in the United States as the dependent spouse of an H-1B nonimmigrant worker. She submitted applications to extend her H-4 status and to renew her employment authorization on March 5, 2026, but has not received an adjudication of those applications. Plaintiff states that her H-4 nonimmigrant status and Employment Authorization Document ("EAD") expired on August 22, 2026. Her employer then placed her on unpaid administrative leave pending resolution of her applications. Plaintiff submits that her

inability to work causes a financial hardship. Plaintiff complains that her applications have been pending more than five months, even though the reported average processing time last year was 2.8 months for similar filings.

## APPLICABLE LAW

The prerequisites for a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Since a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson* County, 720 F.2d 1511, 1519 (5th Cir. 1983). In other words, the movant has a cumulative burden to prove each of the four enumerated elements. *Mississippi Power & Light Co*., 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard*, 812 F.2d at 993. A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed2d 249 (2008). The decision of whether to grant or deny a temporary restraining order or a preliminary injunction is left to the sound discretion of the trial court. *Mississippi Power & Light Co*., 760 F.2d at 621.

## DISCUSSION AND ANALYSIS

Plaintiff filed her motion as an emergency motion asking the Court to order Defendants to adjudicate her applications within fifteen days. ECF 4-1 at 14. However, FED. R. CIV. P. 65(a)(1) requires notice to the adverse party before a court may issue a preliminary injunction. Plaintiff did

not submit proof of notice to Defendants. Instead, Plaintiff provided a notice stating that counsel will effect service on Defendants after the motion is filed. ECF 4-3 at 2.

Plaintiff's motion also does not establish the prerequisites for a preliminary injunction. "The denial of a preliminary injunction or temporary restraining order will be upheld where the movant has failed to sufficiently establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

The motion alleges, but does not show, a substantial likelihood of success on the merits. Pursuant to 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." Plaintiff asserts that Defendants unlawfully withheld or unreasonably delayed agency action by failing to adjudicate her applications "within a reasonable time," as required by 5 U.S.C. § 555(b). The Court considers six factors, referred to as the *TRAC* factors, when determining whether there has been an unreasonable delay in agency action: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Parcha v. Cuccinelli*, Case No. 4:20-cv-015-SDJ, 2020 WL 607103, at 14 (E.D.Tex. Feb. 7, 2020) (citing *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C.Cir. 1984) (internal quotation marks and citations omitted); *see Am. Anti-Vivisection Soc'y v. U.S.*

*Dep't of Agric.*, 946 F.3d 615, 621 (D.C.Cir. 2020) (citing the six-factor test for an unreasonable delay claim under the APA)).

A review of the *TRAC* factors does not show that Plaintiff clearly established that she is likely to prevail on her claim. In a case with substantially similar facts, the trial court applied the *TRAC* factors and determined that the plaintiffs did not demonstrate a substantial likelihood of success on the merits. *See Vasireddy v. Mayorkas*, Case No. 3:21-cv-0358-S, 2021 WL 4888943 (N.D.Tex. March 26, 2021). Like the plaintiffs in *Vasireddy*, Plaintiff fails to cite any binding authority showing that a preliminary injunction is proper under these circumstances. The motion does not establish that her applications have been pending for an unreasonable length of time. *Id.* at 3 (citing *Kolluri v. United States Citizen & Immigr. Servs.*, Case No. 3:20-cv-2897-N, 2021 WL 183316, at 5 (declining to find that delay in processing EAD renewal petitions beyond 180 days is *per se* unreasonable)). The failure to receive a renewed EAD before the expiration of Plaintiff's current EAD, resulting in unpaid administrative leave, does not demonstrate harm and prejudice caused by the delay. *Id.* The motion does not show an adequate justification for the relief sought, as a "judicial order putting Plaintiff[] at the head of the queue simply moves all others back one space and produces no net gain." *Id.* (quoting *Kolluri*, 2021 WL 183316, at 6).

As stated, a preliminary injunction is an extraordinary remedy requiring a plaintiff to clearly carry the burden of persuasion on all four prerequisites. *Texas Medical Providers Performing Abortion Services v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). The failure to show a substantial likelihood of success on the merits, standing alone, is sufficient to defeat a motion for preliminary injunction. *Id.* (citing *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009)). Accordingly, "the Court need not examine the additional elements

required to obtain a preliminary injunction." *Parcha v. Cuccinelli*, 2020 WL 607103, at 15. The motion for a preliminary injunction should be denied.

## RECOMMENDATION

It is accordingly recommended that Plaintiff's Emergency Motion for Preliminary Injunction and Mandamus Relief (ECF 4) be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed five pages. Local Rule CV-72(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

So ORDERED and SIGNED this 2nd day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE