UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-001170

**Nidhi Jayantilal Pansuriya,**
*Plaintiff,*
v.
**Secretary, U.S. Department of Homeland Security et al.,**
*Defendants.*

## ORDER

Plaintiff brought this case seeking injunctive relief under the Administrative Procedure Act to adjudicate her pending applications to extend her nonimmigrant status and for employment authorization. Doc. 1. On the same day that plaintiff filed her complaint, her counsel called the court to give notice that plaintiff was filing a motion for preliminary injunction on an emergency basis. Doc. 4 at 2–3. The court immediately referred the case to a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1). Doc. 5. Plaintiff urged the court to resolve the motion on an emergency basis and, in only five days, the magistrate judge issued a report recommending that the court deny plaintiff's motion for a preliminary injunction. Doc. 8. Because of the motion's emergency posture, the government did not respond before the magistrate judge issued her report. Plaintiff waited 12 days before filing timely objections. Doc. 12. The court overrules these objections and accepts the magistrate judge's report and recommendation. Plaintiff's motion for preliminary injunction is denied.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

At the outset, the court notes that plaintiff faults the court for issuing a report and recommendation "only five days after Plaintiff filed her Motion and before Defendants had appeared or submitted any evidence concerning the processing of Plaintiff's applications." Doc. 12 at 1. This is an astonishing statement for at least two reasons. First, plaintiff's counsel placed a phone call to this court giving notice of the emergency posture of plaintiff's motion, and the magistrate judge, *at plaintiff's behest*, issued her report on an expedited basis. Because of the emergency posture of the motion, defendants did not have a chance to respond. *See* Fed. R. Civ. P. 65(a)(1). Plaintiff's objection to the timing of the magistrate judge's report is entirely frivolous, given that plaintiff herself requested an expedited timeline.

Second, plaintiff's complaint that defendant should have been granted an opportunity to present evidence is incompatible with the well-established legal principle that a plaintiff seeking a preliminary injunction bears the burden to prove entitlement to such relief. *Winter v. NRDC*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . ."); *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (en banc) (under the "long-standing" test for granting or denying a preliminary injunction, "[t]he district court should deny relief 'unless the party seeking it has clearly carried the burden of persuasion'").

Plaintiff argues that the magistrate judge, acting swiftly at plaintiff's request, "resolved the fact-intensive TRAC inquiry

against Plaintiff on a one-sided record containing no agency explanation for the delay." Doc. 12 at 1. Plaintiff argues that the court should therefore "decline to adopt the recommendation and defer ruling until Defendants respond, so that the *TRAC* factors and the injunction elements may be weighed on a complete record." *Id.* at 5–6. But plaintiff also argues that the incomplete record works in *her favor*. *E.g.*, *id.* at 3 ("[N]o agency evidence identifies Plaintiff's position in any queue, a remaining prerequisite, or any reason for continued inaction."); *id.* at 3–4 (distinguishing precedent on the grounds that a previous case, unlike the case here, was decided on "an evidentiary record; here, no declaration identifies Plaintiff's queue position . . . ."). The court is wholly unpersuaded by plaintiff's dueling arguments that she has been prejudiced by an incomplete record but that absence of specific evidence supports granting her preliminary injunction.

The magistrate judge found that plaintiff failed to carry her burden without hearing evidence from defendants. Doc. 8. Plaintiff's objection that defendants should be allowed to appear and present evidence before the court denies plaintiff's motion is improper because plaintiff, not defendants, bears the burden on all preliminary injunction elements. This objection is therefore overruled. Plaintiff demanded emergency adjudication of her motion for preliminary injunction on a record which she contends is incomplete. She cannot now complain about the consequences of that demand.

## I. Legal standards

The prerequisites for a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam). "The denial of a preliminary injunction will be upheld where the movant has failed

sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (per curiam). "The first factor—likelihood of success on the merits—is 'the most important.'" *Abbott*, 110 F.4th at 706 (citation omitted).

A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Plaintiff alleges that defendants unlawfully withheld or unreasonably delayed agency action by failing to adjudicate her applications "within a reasonable time." 5 U.S.C. § 555(b). Courts typically assess the six factors set out in *Telecom. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), when determining whether there has been an unreasonable delay in agency action. The *TRAC* factors are as follows:

(1) The time agencies take to make decisions must be governed by a rule of reason;

(2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) The effect of expediting delayed action on agency activities of a higher or competing priority;

(5) The nature and extent of the interests prejudiced by delay; and

(6) The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.*

**II. Analysis**

The magistrate judge based her analysis on *Vasireddy v. Mayorkas*, No. 3:21-cv-0358; 2021 WL 4888943 (N.D. Tex. Mar. 26,

2021), a case with an essentially identical record. Doc. 8 at 4. There, the plaintiff filed an application for a renewed Employment Authorization Document ("EAD"). *Vasireddy*, 2021 WL 4888943, at *1. Upon expiration of her current EAD, the plaintiff's employer placed her on unpaid leave of absence. *Id.* The plaintiff's employment was to be terminated if she did not receive a renewed EAD. *Id.* Six months after completion of her EAD application, there was still no agency action on her application. *Id.* The plaintiff then brought suit and sought temporary injunctive relief. *Id.*

Here, plaintiff alleges that her H-4 and EAD applications and biometrics have been completed since April 2026. Doc. 12 at 2. Plaintiff alleges that her employer has placed her on unpaid leave and advised her that her employment will be terminated if she does not receive a renewed EAD. *Id.* at 3. Plaintiff brought suit and sought preliminary injunctive relief in August 2026, four months after alleged completion of her application and biometrics. Doc. 1. The *Vasireddy* court and the magistrate judge here found that these facts are insufficient to find a likelihood of success on the merits. *Vasireddy*, 2021 WL 4888943, at *3; Doc. 8 at 4. Plaintiff objects based on the *TRAC* factors. Doc. 12 at 2–4.

**a. *TRAC* factor one**

As to the first *TRAC* factor, plaintiff's objection offers no substantive argument that U.S. Citizenship and Immigration Services' (USCIS) time to make decisions is not governed by a rule of reason. *See* Doc. 12 at 2–3. Plaintiff only argues that "no agency evidence identifies Plaintiff's position in any queue, a remaining prerequisite, or any reason for continued inaction." *Id.* at 3. But plaintiff demanded adjudication of her motion for preliminary injunction on an expedited basis before service on defendants. Doc. 4 at 2–3. Plaintiff also argues in her objection that any notice issue caused by her request for relief without notice to the Government "has been cured. The notice issue therefore should not provide a basis for declining to consider the merits of Plaintiff's request." Doc. 12 at 5.

The court does not assume that plaintiff's counsel manufactured a sense of urgency to deny defendants a chance to respond. *See* Fed. R. Civ. P. 11(b)(1). But to the extent that plaintiff argues that there is no evidence in the record to support a rule of reason, the court finds that plaintiff's hastily developed record should not serve as both a sword and a shield. In cases cited in the magistrate judge's report and in plaintiff's objection, USCIS appeared and offered its rule of reason: that it processes applications on a first-in, first-out basis. *Parcharne v. DHS*, 565 F. Supp. 3d 785, 794–95 (N.D. Miss. 2021); *Kolluri v. USCIS*, No. 3:20-cv-02897, 2021 WL 183316, at *5 (N.D. Tex. Jan. 17, 2021). For the purpose of ruling on plaintiff's motion for preliminary injunction, the court "agrees with the case law in which federal courts have held that USCIS operates under a first-in, first-out method of adjudication that constitutes a 'rule of reason' and satisfies the first *TRAC* factor" in favor of defendants. *Kolluri*, 2021 WL 183316, at *5.

**b. *TRAC* factor two**

Plaintiff's objections analyze the time her applications have been pending under the second *TRAC* factor. Doc. 12 at 2–3. To show Congress's indication of the speed with which it expects the agency to proceed in the enabling statute, plaintiff points to 8 U.S.C. § 1571(b): "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ." But plaintiff admits that 180 days is not a mandatory deadline set by Congress. Doc. 12 at 3; *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (vacated on other grounds). Thus, Congress's "sense" is entitled to less weight. *E.g., Kolluri*, 2021 WL 183316, at *5. Plaintiff brought this suit before the 180-day aspirational deadline expired. *See* Doc. 1. And the magistrate judge's report came before the court just after the 180-day timeframe expired. Thus, even if the passage of time alone is sufficient to find unreasonable delay, this factor only weakly supports plaintiff under these facts. But unreasonable delay "cannot be decided in the abstract, by reference to some number of months or years beyond which agency

inaction is presumed to be unlawful." *Mashpee Wampanoag Tribal Council*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). The court overrules this objection.

**c. *TRAC* factors three, four, and five**

And plaintiff does not have more than mere passage of time. Plaintiff's status on unpaid leave without authorization to work may implicate *TRAC* factors three and five, but plaintiff's situation at work does not outweigh factor four, which is the effect of expediting delayed action on agency activities of a competing priority. USCIS uses a first-in, first-out process when reviewing applications. *Supra* at 6. As the magistrate judge found, plaintiff's motion does not provide an adequate justification for placing plaintiff at the head of the queue when such an order would move all others back one space and produce no net gain. Doc. 8 at 4. Plaintiff objects on the ground that the evidentiary record in this case is incomplete and does not evince a queue. Doc. 12 at 3–4. But as discussed above, *supra* at 5–6, plaintiff cannot use an incomplete record, which arose because of plaintiff's demand for emergency adjudication, as both a sword and a shield. Plaintiff also fails to remember that it is plaintiff, not defendant, who bears the burden to prove her entitlement to preliminary injunction.

Plaintiff seeks to have this court follow the reasoning in *Pacharne*. Doc. 12 at 4. But in *Parcharne*, the court distinguished its actions from the first-in, first-out line of cases on the grounds that plaintiffs there were "not simply requesting to jump ahead in line. They [were] requesting that [an] additional 122,000 visas, 82,000 of which [had] yet to be issued, not be wasted but rather be applied to help decrease the size of the backlog . . . ." *Parcharne*, 565 F. Supp. 3d at 797–98. Plaintiff here has not demonstrated that she is asking for anything other than an order that effectively places herself at the front of the line and moves all other applicants back one space. The court overrules this objection.

**d. *TRAC* factor six**

Finally, plaintiff contends that "unexplained agency inaction, precisely what this record shows, may itself support a finding of

unreasonable delay, without any showing of improper motive." Doc. 12 at 4. Again, the court is not persuaded by plaintiff's simultaneous arguments that that an incomplete record affirmatively supports her request for injunction but that that ruling on her motion for preliminary injunction is improper on an incomplete record. This is especially so where plaintiff's demand for emergency adjudication resulted in any alleged incompleteness of the record. Thus, the court could overrule this objection because it is improper. But the objection is also untenable because the proper recitation of the sixth *TRAC* factor is that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Telecom. Rsch.*, 750 F.2d at 80. The sixth *TRAC* factor does not establish that unexplained inaction is alone sufficient to find unreasonable delay. Rather, it only establishes that improper motive is relevant but not required for a finding of unreasonable delay. The court therefore overrules this objection.

**III. Conclusion**

Having reviewed the remainder of the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's motion for preliminary injunction is denied. Any pending motions are denied as moot.

*So ordered by the court on September 28, 2026.*

J. CAMPBELL BARKER
United States District Judge